Custer Robinson v. Commissioner.
Robinson v. Commissioner
Docket No. 28184.
United States Tax Court
1951 Tax Ct. Memo LEXIS 187; 10 T.C.M. (CCH) 571; T.C.M. (RIA) 51184; June 19, 1951
*187 Amount of expenditures allowable as a loss deduction in the taxable year on the abandonment of a project in the photographic field, determined. John W. Wilke, Esq., for the petitioner. Lyman G. Friedman, Esq., for the respondent. VAN FOSSAN Memorandum Findings of Fact and Opinion The respondent determined a deficiency of $459.53 in petitioner's income tax for 1947 as a result of disallowing various expenses claimed to have been incurred in research in color photography, which project the petitioner claims to have abandoned in the taxable year. Findings of Fact Petitioner, from 1914 to and including 1947, was engaged in the profession of engineering and architecture. For many years preceding and including 1947, petitioner was also engaged in engineering research "looking for something of profit." Some time prior to March 28, 1947, petitioner had entered into an oral agreement with one Goff to look for a profitable way to improve the grade of color photographs, in which project petitioner was to do and pay for the preliminary work. On March 28, 1947, petitioner terminated his employment with the United States Government and made a trip, which commenced *188 in Cincinnati, Ohio, and included visits to the following cities: Washington, D.C., Atlanta, Georgia, Texarkana, Texas, Rochester, Minnesota, Flagstaff, Grand Canyon and Oak Creek Canyon, all in Arizona, Bakersfield and Los Angeles, California, and back via Rochester, Minnesota, to Newport, Kentucky. Some of these cities were visited as a part of petitioner's program of research and others were for personal reasons. In Atlanta, Georgia, petitioner endeavored to re-establish contact with the company with which he had previously been connected, and in Bakersfield, California, he was endeavoring to locate a supply of oil for a steel company. In Rochester, Minnesota, Los Angeles, California, and in various places in Arizona, he was visiting the laboratories engaged in photographic work or carrying on experimental work in that field. Petitioner's photographic experiments during 1947 consisted of using processes then commercially available to the public and employing materials manufactured and sold by others while attempting to get better results from such processes. Petitioner realized no income in the calendar year 1947 from his work in photography. In October, 1947, Goff and petitioner *189 agreed that on the basis of work done on color photography to that date it was apparent that only one man could make a successful living out of it. Thereafter, until almost the end of the calendar year, petitioner was engaged entirely on his own behalf. Late in December, 1947, petitioner terminated and abandoned the project and his efforts to secure improved processes therein. Some time after the termination in 1947, petitioner acquired an interest in a corporation engaged in certain work in the photographic field. Petitioner had expenses during the calendar year 1947 for cameras and photographic supplies of various kinds in an amount of $2,200. Opinion VAN FOSSAN, Judge: Petitioner contends that he sustained a loss of $3,405.49 on account of his expenditures in 1947 for photographic equipment and supplies while engaged in an attempt to discover, perfect and market an improved method of making colored pictures and photographic products. He contends further that the program proved fruitless and was abandoned before the end of the taxable year with the resultant loss claimed. There is no doubt that petitioner was engaged, as claimed, practically throughout the taxable year *190 in research in color photography. Ordinarily, expenditures such as these, incurred in developing a process, are in the nature of capital expenditures. Only in case of an abandonment of the project is a different rule applied. The first question, therefore, is whether there was an abandonment or final termination within the year. If there was such an abandonment, the taxpayer is entitled to claim a loss. If there was no such termination and if experimentation carried over into the next year, he cannot claim the loss in 1947. After a careful study of the record, we are convinced that there was a definite termination and abandonment of the program during the taxable year, and we have so found. This does not mean that petitioner is thereafter forbidden to have an interest in photography. It means that the experimental program in question has been given up. Such an abandonment may be evidenced in many ways, viz., by selling out the original project or by an acceptance of other employment inconsistent with carrying on the former experimentation. Other tests readily come to mind. Here petitioner and Goff, who were engaged in the venture (petitioner furnishing the funds and carrying on the *191 experimentation and the record being barren so far as Goff's contribution is concerned), came to an understanding during October, 1947, that the project would never afford support for both of them. Goff stepped aside, leaving petitioner to carry on as he chose. An abandonment involves an intent to abandon, which is a state of mind, coupled with cessation of activity in respect of the project. These factors may be variously indicated. Although the record does not reveal the exact day or hour when the petitioner came to the conclusion to terminate the project, we think, on the whole record, that petitioner's conduct sufficiently indicated his intention and the fact of termination within the year 1947. The abandonment being established, there remains for consideration the amount of the loss. Although we are not a court of equity jurisdiction, occasionally a situation arises where, baffled in an attempt to be precise in our findings, we apply the so-called Cohan rule ( , and dispense practical justice as best we can. The present case presents such a situation. The petitioner submitted evidence in the form of canceled checks and *192 receipts aggregating approximately $1,500 which he undoubtedly spent for cameras and photographic supplies during his year of experimentation. This amount is definitely established and is allowable as part of the loss sustained. In addition, he had "book entries" in a dairy or daybook in which he recorded alleged expenditures amounting also to approximately $1,500. These were not supported by any canceled checks, receipts or other proper data nor did petitioner specifically testify as to each of the items. However, being convinced on the whole record that some part of such expenditures is allowable, and applying the Cohan rule of bearing heavily, if need be, against the taxpayer whose inexactitude was responsible for the status of the proof, we find that petitioner had total allowable expenditures for photographic equipment and supplies during the year 1947, in addition to the above $1,500, of $700, all of which expenditures, in the total amount of $2,200, became a loss to him when the project on which he was engaged was abandoned late in 1947. Decision will be entered under Rule 50.